359 P.2d 1048

Ace S. RAYMOND, Plaintiff and
Respondent,

v.

Iver L. LARSEN, Cache County Clerk and
Auditor, Defendant and Appellant.

No. 9404.

Supreme Court of Utah.

Feb. 24, 1961.

Zachary T. Champlin, County Atty., David R. Daines, Asst. County Atty., Logan, Walter L. Budge, Atty. Gen., Roland G. Robison, Jr., Asst. Atty. Gen., for appellant.

Harris & Harris, Logan, for respondent.

HENRIOD, Justice.

Appeal from a judgment declaring plaintiff to be qualified to hold the public office of Cache County Commissioner. Affirmed. No costs.

Raymond, a contractor, was elected Commissioner in November, 1960. In December he was declared low bidder for the construction of a school that was to be operated by the County School Board; an agency separate and distinct from the County Commission, and fiscally not under the control of the latter, but only, perhaps, under its police power. He had no relatives on the School Board and no other connection with it save as low bidder.

It was urged by the defendant, County Clerk, in refusing to administer the oath to Raymond, that the latter was disqualified

under Art. XIII, Sec. 8, Utah Constitution, which provides that "The making of profit out of public monies, or using the same for any purpose not authorized by law, by any public officer, shall be deemed a felony, and shall be punished as provided by law, but part of such punishment shall be disqualification to hold public office."

This provision had incipience in the State Constitution, adopted in 1895 by popular vote. It more or less implemented a number of sections of the Compiled Laws of 1876,[1] generally having to do with mishandling of property and funds by public officials. The constitutional provision was in turn implemented in 1898, 1907, 1917, 1933, 1943, and 1953,[2] by sections similar to the 1876 provisions, being wedged between sections having to do with mishandling of public property and funds held or controlled in a fiduciary capacity by public officials.

We believe and hold that in the light of the legislative history prior and subsequent to its incorporation in the Constitution, Art. XIII, Sec. 8, requires the conclusion that it reasonably was intended to apply to fiduciary situations clearly reflected in its brother and sister sections, between which it was lodged.

It follows that Raymond was and is qualified to take the office he espoused and won at the polls, since he was in no sense a fiduciary having any power to deal with the School Board's property or funds.

Neither side cited any authorities construing this or similar statutes of sister states, and we think there are none. It is significant that the cases are legion where mishandling by officials of property held in a fiduciary capacity was involved.

WADE, C. J., and McDONOUGH and CALLISTER, JJ., concur.

CROCKETT, J., concurs in the result.

---

1. Title XII, C.L.Utah 1876.

2. Title 75, Chap. 37, Revised Statutes of Utah, 1898; C.L.1907, Sec. 4317; C.L. 1917, Sec. 8236; R.S.1933 and 1943, 103–26–61; Title 76–28–61, U.C.A.1953.